IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ROBERT "BOBBY" WHITEHEAD                                          PLAINTIFF

V.                                                    NO. 1:24-cv-00069-GHD-RP

THE CITY OF CORINTH, MISSISSIPPI;                                DEFENDANTS
R.T. VAUGHN; et al.

## MEMORANDUM OPINION

Presently before the Court is the sole remaining Defendant R.T. Vaughn's Motion for Summary Judgment [52]. The Plaintiff has responded in opposition. Upon due consideration, the Court find the motion should be granted and the Plaintiff's remaining claims dismissed.

### Factual Background

On April 24, 2023, the Plaintiff was driving a rented SUV on I-22 in Itawamba County when he was pulled over by the Defendant Trooper Vaughn for following a vehicle too closely. [Amended Complaint, Doc. 3, at p. 3]. After the Plaintiff hesitated to present his identification, Vaughn ordered the Plaintiff to exit the vehicle [Dashcam Video, 52-4].[1] After the Plaintiff hesitated to exit the vehicle, Vaughn warned the Plaintiff that he would be tased if he did not comply. [Id.]. The Plaintiff then exited the vehicle but resisted in placing his hands on the vehicle as directed by Vaughn. [Id.]. Vaughn then fired his taser toward the Plaintiff. [Id.]. Only one of the taser's leads connected with the Plaintiff, on his sweatshirt, and caused no reaction from the

---

[1] The Defendant's dashcam video of the entire subject incident is in the record [52-4]. As the Fifth Circuit has held, "while viewing the evidence favorably to the nonmovant, 'we assign greater weight, even at the summary judgment stage, to the ... video recording ... taken at the scene.'" *Betts v. Brennan*, 22 F.4th 577, 582 (5th Cir. 2022); *Carnaby v. City of Houston*, 636 F.3d 183, 187 (5th Cir. 2011).

Plaintiff other than he then complied with the Defendant's instructions. [Id.] The Plaintiff was placed in handcuffs, transported to the Itawamba County Jail, and charged with following too closely and disorderly conduct/failure to comply. [Id., 52-3]. The Plaintiff was released from custody the same day and the charges were later dismissed by an Itawamba County Justice Court Judge when the Defendant failed to appear in court. [52-9, 58-1].

This litigation followed and one claim, solely against the Defendant Vaughn, remains pending for adjudication by the Court: excessive force under both federal and state law. The Defendant Vaughn has filed the instant motion for summary judgment, which the Plaintiff opposes.

## Summary Judgment Standard

This Court grants summary judgment "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Weaver v. CCA Indus., Inc.*, 529 F.3d 335, 339 (5th Cir. 2008). The rule "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a sufficient showing to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp.*, 477 U.S. at 322.

The party moving for summary judgment bears the initial responsibility of informing the Court of the basis for its motion and identifying those portions of the record it believes demonstrate the absence of a genuine dispute of material fact. *Id.* at 323. Under Rule 56(a), the burden then shifts to the nonmovant to "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324; *Littlefield v. Forney Indep. Sch. Dist.*, 268 F.3d 275, 282

(5th Cir. 2001); *Willis v. Roche Biomedical Labs., Inc.*, 61 F.3d 313, 315 (5th Cir. 1995). When the parties dispute the facts, the Court must view the facts and draw reasonable inferences in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007) (internal citations omitted). "However, a nonmovant may not overcome the summary judgment standard with conclusional allegations, unsupported assertions, or presentation of only a scintilla of evidence." *McClure v. Boles*, 490 F. App'x 666, 667 (5th Cir. 2012) (per curiam) (citing *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

## Discussion

Vaughn asserts he is entitled to qualified immunity as to the Plaintiff's remaining federal claim for excessive force. "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Waddell v. Voyles*, No. 1:19CV88-SA-DAS, 2021 WL 1208497, at *4 (N.D. Miss. Mar. 30, 2021) (quoting *Pearson v. Callahan*, 555 U.S. 223, 129 S. Ct. 808, 815, 172 L. Ed. 2d 565 (2009)). "The defense of qualified immunity may be successfully invoked by a police officer 'insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Id.* (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818-19 (1982); *Cantu v. Rocha*, 77 F.3d 795, 805-06 (5th Cir. 1996)). "Once a defendant invokes qualified immunity, the burden shifts to the plaintiff to show that the defense is not available." *Kovacic v. Villarreal*, 628 F.3d 209, 211 (5th Cir. 2010).

"To determine whether a public official is entitled to qualified immunity, [courts] decide '(1) whether the facts that the plaintiff has alleged make out a violation of a constitutional right; and (2) whether the right at issue was clearly established at the time of the defendant's alleged

3

misconduct.'" *Doe as Next Friend Doe v. Jewell*, 151 F.4th 236, 244-45 (5th Cir. 2025). Crucially, a plaintiff's inability to establish an underlying constitutional violation forecloses any chance of recovery against an individual defendant who asserts qualified immunity, and even if a plaintiff can establish a constitutional violation, the qualified immunity standard "gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Poole v. City of Shreveport*, 691 F.3d 624, 627 (5th Cir. 2012) (quoting *Brumfield v. Hollins*, 551 F.3d 322, 326 (5th Cir. 2008)). The Plaintiff carries the burden of demonstrating that qualified immunity is inappropriate. *Terwilliger v. Reyna*, 4 F.4th 270, 284 (5th Cir. 2021).

*Federal Excessive Force Claim*

To establish an excessive force claim, a plaintiff must demonstrate that (1) he was seized, (2) he suffered an injury that (3) directly resulted from the allegedly excessive force, and (4) the force was objectively unreasonable. *Betts v. Brennan*, 22 F.4th 577, 582 (5th Cir. 2022); *Flores v. City of Palacios*, 381 F.3d 391, 396 (5th Cir. 2004) (citing *Graham v. Connor*, 490 U.S. 386, 388 (1989)). Determining reasonableness in this context involves balancing the amount of force used and the need to exert that amount of force. *Id.* As for qualified immunity, "[i]n excessive force cases, 'the second prong of the [qualified immunity] analysis is better understood as two separate inquiries: whether the allegedly violated constitutional rights were clearly established at the time of the incident; and, if so, whether the conduct of the defendants was objectively unreasonable in light of that then clearly established law.'" *Griggs v. Brewer*, 841 F.3d 308, 313 (5th Cir. 2016) (quoting *Tarver v. City of Edna*, 410 F.3d 745, 750 (5th Cir. 2005)). "The inquiry is 'whether the officers' actions are "objectively reasonable" in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation.'" *Griggs*, 841 F.3d at 312 (5th Cir. 2016) (quoting *Graham*, 490 U.S. at 398).

Importantly, some amount of force does not automatically equate to a constitutional violation. *Graham*, 490 U.S. at 396 ("Our Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it."). Properly applying the test of reasonableness under the Fourth Amendment "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.*

"In evaluating excessive force claims, courts may look to the seriousness of injury to determine whether the use of force could plausibly have been thought necessary, or instead evinced such wantonness with respect to the unjustified infliction as is tantamount to a knowing willingness that it occur." *Deville v. Marcantel*, 567 F.3d 156, 168 (5th Cir. 2009) (per curiam) (internal quotations omitted). Thus, "the extent of the injury inflicted may be considered in determining whether the officers used excessive force." *Id.* Although a plaintiff need not demonstrate a "significant injury," injuries such as bruises, abrasions, or back pain are considered *de minimis* and are insufficient to demonstrate that excessive force was used. See *Westfall v. Luna*, 903 F.3d 534, 549-50 (5th Cir 2018) ("Westfall's other injuries, including the abrasions and bruises, bloody urine, and high blood pressure and heart rate, which may have been caused by Trevino's actions, are, based on our case law, *de minimis*."); *Brooks v. City of West Point*, 639 F. App'x 986, 990 (5th Cir. 2016) ("According to Brooks, he suffered abrasions to his hands and knees, some pain in his back and neck, and unspecified problems with his asthma. We have held injuries of this type to be *de minimis*."); *Burton v. City of Senatobia*, No. 2:06CV216-P-A, 2008 WL 619301, at *9 (N.D. Miss. Mar. 3, 2008) (holding that "a slight abrasion on the inside of [plaintiff's] right wrist" was a

5

"*de minimis*" injury which did not "rise to the level of excessive force as a matter of law"); *Jamison v. City of Shreveport*, No. 15-0267, 2016 WL 3920439, at *4 (W.D. La. July 18, 2016) (knot on forehead, skin burns on the back and front of arms, knee scuffs, and concrete burns on shin areas were *de minimis* injuries that could not "give rise to a constitutional violation"). "Any force found to be objectively unreasonable exceeds the *de minimis* threshold, and, conversely, objectively reasonable force will result in *de minimis* injuries only." *Alexander v. City of Round Rock*, 854 F.3d 298, 309 (5th Cir. 2017).

Here, the Court finds that the video evidence [52-4] conclusively demonstrates that although Defendant Vaughn attempted to use force by deploying his taser, the taser did not have any effect on Plaintiff, and certainly did not cause more than *de minimis* injury, if any injury at all, because one of the darts did not hit him, and the Plaintiff did not react whatsoever to the dart that made contact with his sweatshirt [52-4]. The video evidence plainly demonstrates that the Plaintiff did not give any indication that he felt any pain or even that the taser dart made contact with him other than on his sweatshirt when Defendant Vaughn deployed the taser. Given that the sole injury the Plaintiff complains of is that the taser hit him in the chest and left a red mark, the Court finds that any injury the Plaintiff alleges was *de minimis* at best. As such, the Court finds the Plaintiff has failed to demonstrate a violation of his constitutional rights, as required to maintain a claim for excessive force. Again, both the Fifth Circuit and this Court have repeatedly held that a *de minimis* injury, such as the one the Plaintiff alleges he suffered, is insufficient to establish an excessive force claim. Accordingly, the Court finds the Defendant Vaughn is entitled to qualified immunity and summary judgment on Plaintiff's federal excessive force claim.

*State Law Excessive Force Claim*

Lastly, the Plaintiff asserts a state law claim for excessive force against Trooper Vaughn under the Mississippi Tort Claims Act ("MTCA"), Miss. Code Ann. § 11-46-1, *et seq.*, which is the exclusive civil state law remedy against governmental entities and their employees for tortious acts or omissions giving rise to a suit.

The Plaintiff's state law claim fails. Miss. Code Ann. § 11-46-7(2) states "no employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee's duties." In addition, Miss. Code Ann. § 11-46-5(3), which is also part of the MTCA, provides that "it shall be a rebuttable presumption that any act or omission of any employee within the time and at the place of his employment is within the course and scope of his employment."

Here, it is undisputed that Vaughn was acting as a Mississippi State Trooper during the subject incident and that the acts the Plaintiff complains of occurred within the course and scope of Vaughn's duties as a Trooper; the Plaintiff has not alleged otherwise. [3, at pp. 3-4]; see *City of Clinton v. Tornes*, 252 So. 3d 34, 37 (Miss. 2018) (holding, in dismissing state law claim similar to Plaintiff's, "[i]ndisputably, Officer Kelly was acting within the course and scope of his employment as a police officer when the wreck occurred…Tornes has no claim against him individually.") The Plaintiff here likewise has no state law claim against Defendant Trooper Vaughn and the Plaintiff's state law claim for excessive force shall be dismissed.

**Conclusion**

For the reasons stated above, the Court finds that Defendant R.T. Vaughn's Motion for Summary Judgment [52] shall be granted, the Plaintiff's remaining claims dismissed, and this case closed.

An order in accordance with this opinion shall issue this day.

This, the 18th day of December, 2025.

                                                                                            */s/ Glen H. Davidson*
                                                                                   SENIOR U.S. DISTRICT JUDGE